Filed 9/14/22  P. v. Williams CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B317625 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA124662) |
| v. | |
| MELVIN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Melvin Williams appeals from the denial of his second petition for resentencing pursuant to former Penal Code section 1170.95 which he filed while his appeal of the denial of his first resentencing petition was still pending. During the pendency of this appeal, former section 1170.95 was renumbered as section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) We refer to the statute only by its new designation for clarity.

We affirm the trial court's denial of defendant's second petition for resentencing.

## BACKGROUND

In 2013, defendant was charged in a consolidated information with 10 felony counts, including two counts of attempted murder arising from assaults on defendant's former girlfriend and her brother while threatening them with a shotgun. After a jury trial in which defendant testified, defendant was found guilty of all charges and sentenced to an indeterminate term of 48 years to life, plus an eight-year determinate term.

We affirmed defendant's conviction. (*People v. Williams* (May 8, 2015, B252994) [nonpub. opn.].)

After the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed, in propria persona, his first petition for resentencing pursuant to Penal Code section 1172.6. In that initial petition, defendant erroneously asserted he had been convicted of murder (instead of attempted murder) under a theory of felony murder or the natural and probable consequences doctrine and requested the appointment of counsel. In support of his petition, defendant filed a document designated as both "supplemental evidence" in support of the resentencing petition and a "motion to dismiss" for failure to disclose exculpatory evidence.

The trial court denied both the petition for resentencing and the motion to dismiss without appointing counsel for defendant, explaining that defendant did not qualify for resentencing, and the documents presented as exhibits to his motion to dismiss were not exculpatory evidence.

Defendant appealed both denials. We affirmed the denial of the resentencing petition and dismissed his appeal to the extent it sought to challenge the denial of his motion to dismiss. (*People v. Williams* (July 20, 2020, B300682) [nonpub. opn.].) Defendant filed a petition asking the Supreme Court to grant review. On September 30, 2020, the Supreme Court granted review. Shortly thereafter, the Supreme Court issued its decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which expanded the scope of individuals entitled to petition for resentencing, including those convicted of attempted murder under a natural and probable consequences theory (Stats. 2021, ch. 551, § 2).

In January 2022, the Supreme Court transferred the case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775 and *Lewis*, *supra*, 11 Cal.5th 952. In March 2022, we reversed the order denying defendant's first resentencing petition with directions to the superior court to appoint counsel for defendant and conduct further proceedings under the amended statute. We also once again dismissed that portion of the appeal arising from the motion to dismiss. (*People v. Williams* (Mar. 23, 2022, B300682) [nonpub. opn.].)

Meanwhile in October 2021, without waiting for a resolution of his first appeal, defendant filed a new resentencing petition pursuant to Penal Code section 1172.6 (the petition at issue in this current appeal), adding a new contention that resentencing was

appropriate because of "Post Traumatic Slave Syndrome." Otherwise, the second petition was duplicative of the first. Within a week, defendant filed a "supplemental petition" in support of his second petition, again relying on "Post Traumatic Slave Syndrome" as relevant to his request for resentencing. On December 16, 2021, the trial court summarily denied defendant's second petition and the supplemental petition. Defendant filed this appeal.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared she advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant. No supplemental brief was filed.

## DISCUSSION

There is currently a split of authority in the Courts of Appeal as to whether a reviewing court must conduct an independent review of the record for error where, as here, an indigent defendant's appointed counsel has filed a *Wende* brief in an appeal from a postjudgment order and the defendant does not file a supplemental brief. (Compare *People v. Flores* (2020) 54 Cal.App.5th 266, 274 [concluding review is appropriate regardless of whether the petitioner files a supplemental brief], with *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278 [where the defendant chooses not to file a supplemental brief, appeal may be dismissed as abandoned]; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 501 [because a defendant appealing from a postjudgment denial of a motion to

4

vacate "has no constitutional right to counsel," he is not entitled to *Wende* review when appointed counsel finds no arguable issues].)

The Supreme Court is now considering "[w]hat procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit" and whether a defendant is "entitled to notice of these procedures." (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.] 2021 Cal.Lexis 1185, review granted Feb. 17, 2021, S266305.)

Pending further guidance from the Supreme Court, we have exercised our discretion to independently review the record and have determined that appointed counsel fully complied with her responsibilities in assessing whether any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

We note that the record does not contain any information about the status of any further proceedings in the superior court following our remand in defendant's appeal of his first petition for resentencing. We do not intend our decision here to have any bearing on those separate proceedings.

## DISPOSITION

The December 16, 2021 order denying defendant's second petition for resentencing and the supplemental petition is affirmed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.          WILEY, J.

5